IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**Petitioner**
Carmie-ronata Burnett
1451 Lake Drive Southeast Suite 68641
Grand Rapids Michigan 49516
amagi-Manumission@protonme.com
616-314-6256

VS.

**DEFENDANT' S**
**DELTA AIRLINES, INC**
1030 Delta Blvd, Dept. 982, Atlanta, GA, 30354
**404-715-2600, and**

SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA
8125 Sedgwick Way Memphis, TN 38125
901-415-7740, and

STATE OF MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNUTY AGENCY
2942 Fuller Ave. NE Grand Rapids, MI 49505
616-447-2680

Danial J. Hebert, CHARFOOS REITER HEBERT, P.C.
30500 NORTHWESTERN HIGHWAY SUIT 450
FARMINGTON HILLS, MICHIGAN 48334-3177
Attorney for DELTA AIRLINES, INC and SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA

CASE NO:

**FILED - GR**
March 10, 2025 2:17 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: JW / 3-10

**1:25-cv-267**
**Hala Y. Jarbou**
**Chief U.S. District Judge**

PETITIO FOR REDRESS AND DAMAGES

1

**COMES NOW** Petitioner, in propria persona, sui juris and respectfully petitions this Court for redress of grievances and damages against DELTA AIRLINES, INC., SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and STATE OF MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNUTY AGENCY.

Petitioner brings forth this action for violations of constitutionally secured rights which have resulted in irreparable harm.

## TABLE OF CONTENTS

i.      TABLE OF AUTHORITIES
ii.     FEDERAL TREATIES AND INTERNATIONAL LAW
iii.    CASE CITATIONS
iv.     JURISDICTION AND VENUE
v.      PARTIES
vi.     STATEMENT OF CLAIMS/ CAUSE OF ACTION/ DUTY OWED BY DEFENDANTS TO PETITIONER/BREAH OF DUTY BY DEFENDANT/FEDERAL INGREDIENTS/ DIRECT CONSEQUENCES OF CLAIM/ PROXIMATE CAUSE – HOW DEFENDANTS' ACTIONS LED TO PETITIONER'S INJURY/ RELIEF REQUESTED – REMEDY FOR CLAIM
vii.    CONCLUSION

## I.    TABLE OF AUTHORITIES

CONSTITUTIONAL PROVISIONS. BASIS FOR JURISDICTION – FEDERAL QUESTION UNDER ARTICLE III, SECTION 2

- United States Constitution for America amendment 1 (Right to Petition for Redress of Grievances).
- United States Constitution for America amendment 5 (Due Process and Procedural Due Process).
- United States Constitution for America amendment 8 (Cruel and Unusual Punishment).
- United States Constitution for America amendment 13 (Economic Coercion and Forced Labor)
- United States Constitution for America amendment 14 (Equal Protection and Substantive Due Process).

## II.   FEDERAL TREATIES AND INTERNATIONAL LAW

1. Universal Declaration of Human Rights, Article 23 - Right to Just and Favorable Work Conditions.
2. International Covenant on Civil and Political Rights, Article 7 - Protection Against Cruel and Inhuman Treatment.

## III.  CASE CITATIONS

- *Osborn v. Bank of the United States* , 22 US 738 (1824).
- **Ex parte Young,** 209 U.S. 123 (1908) - Government officials cannot violate constitutionally secured rights.
- **Fuentes v. Shevin,** 407 U.S. 67 (1972) - Due process requires meaningful notice and hearing.
- **Goss v. Lopez,** 419 U.S. 565 (1975) - Individuals cannot be deprived of rights without due process.
- **Estelle v. Gamble (1976).** Deliberate Indifference.
- **Mathews v. Eldridge,** 424 U.S. 319 (1976) - Established due process requirements for benefit termination.
- **Goldberg v. Kelly,** 397 U.S. 254 (1970) - Termination of benefits without notice violates due process.
- **Marbury** v. **Madison,** The Court established that any exercise of judicial power outside of its proper authority is void.
- **Northern Pipeline Construction Co. v. Marathon Pipe Line Co. and Granfinanciera, S.A. v. Nordberg**—Only courts vested with Article III judicial power can constitutionally adjudicate private rights.
- **Washington v. Harper, 1990.** Unconstitutional interference with my right to personal security and medical autonomy.
- *Yick Wo v. Hopkins,* 118 U.S. 356 (1886).7, Right to due proess.
- Earle v. McVeigh, 91 US 503, 23 L Ed 398. See also Restatements, Judgments ' 4(b). Prather v Loyd, 86 Idaho 45, 382 P2d 910. The right to be heard.

## IV.   JURISDICTION AND VENUE

- This Court holds jurisdiction pursuant to **Article III, Section 2 of the United States Constitution,** which grants federal courts authority over cases involving violations of constitutionally secured rights, private property and equity, contractual rights, trust assets, *and mandates that judicial power extends to all cases arising under the* Constitution and laws of the United States.
- Pursuant to **Article III, Section 2 of the U.S. Constitution,** federal courts retain jurisdiction and authority to adjudicate over matters involving constitutional claims.
- Under **Article III of the Constitution,** federal courts can hear "all cases, in law and equity, arising under this Constitution [and] the laws of the United States..." United States Constitution, Art III, Section 2. The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal ingredient. *Osborn v. Bank of the United States* , 22 US 738 (1824).

## V.    PARTIES

- **Petitioner** an employee of DELTA AIRLINES, INC. IN GRAND RAPIDS, MICHIGAN, who sustained a severe workplace injury.
- **DEFENDANT DELTA AIR LINES, INC.** is incorporated under the laws of the STATE OF DELAWARE, and has its principal place in ATLANTA, GEORGIA.
- **DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA** is incorporated under the laws of the STATE OF TENNESSEE, and has its principal place in MEMPHIS, TENNESSEE.
- **DEFENDANT STATE OF MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNUTY AGENCY** is incorporated under the laws of the STATE OF MICHIGAN, and its principal place in OKEMOS, MICHIGAN.

---

## VI.    STATEMENT OF CLAIMS/ CAUSE OF ACTION/ DUTY OWED BY DEFENDANTS TO PETITIONER/BREACH OF DUTY BY DEFENDANT/FEDERAL INGREDIENTS/ DIRECT CONSEQUENCES OF CLAIM/PROXIMATE CAUSE – HOW DEFENDANTS' ACTIONS LED TO PETITIONER'S INJURY/RELIEF REQUESTED – REMEDY FOR CLAIM

## CLAIM 1:    JURISDICTIONAL CHALLENGE
### STATEMENT OF CLAIMS

1. On or around January 29, 2020, a workplace injury claim was filed and opened with DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES, INC. due to Petitioner's severe injury sustained during employment, and

2. On or around October 17, 2020, Petitioner's council at that time filed a Workers' Compensation Claim with DEFENDANT STATE OF MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY against DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINE'S for medical care coverage, mental health care coverage, rehabilitation care coverage, prescription coverage, vocational training coverage, noninvasive medical imaging tests coverage, doctor visit coverage and other benefit coverage during the life of the injury, and

3. DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY assumed control over the administration, review, and mediation of Petitioner's workers' compensation claim, and

4. DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY powers, authority, duties, functions and responsibilities to administrate Petitioner's claim derived from MICHIGAN COMPILE LAW Act 317 of 1969, per MICHIGAN LEGISLATURE, and

5. On or around May 4, 2022, Petitioner began litigating the case, and raised constitutional claims, private rights claims, private property claims, trust asset and equitable claims that extended beyond core administrative proceedings, implicating non-core constitutional matters requiring adjudication in a constitutional court, and

6. DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY, as a statutory administrative body, lacks jurisdiction over claims implicating constitutionally secured rights. Despite this, Petitioner's constitutional claims, equitable claims, private right claims, private property claims, and trust assets claims were denied outright, and Petitioner's rights were ignored, and

7. Petitioner deposited into the record a standing objection at the "Facilitation Hearings," explicitly stating non-consent to administrative mediation, asserting due process violations, and declaring the venue improper, and

8. Despite clear jurisdictional objections, DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY continued proceedings, violating Petitioner's fundamental right, and

9. On or around August 29, 2022 until February 6, 2023, DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY, through its assigned Magistrate, improperly adjudicated core administrative matters while depriving Petitioner of the opportunity to seek full and fair adjudication of constitutional claims, and

10. DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY, through its assigned Magistrate, ignored Petitioner's demand and continued to schedule and conduct administrative hearings despite Petitioner's objections, and

11. DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY lacks the authority to adjudicate matters involving constitutional violations and has no lawful jurisdiction over Petitioner's claims.

## CAUSE OF ACTION - JURISDICTIONAL CHALLENGE
**Legal Theories Asserted**

12. LACK OF SUBJECT MATTER JURISDICTION - DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY, a STATE OF MICHIGAN administrative agencies cannot adjudicate constitutional claims and lack the authority to determine matters involving private rights, private property, trust assets, and

13. DEPRIVATION OF RIGHT TO A FAIR AND IMPARTIAL TRIBUNAL - Petitioner was denied the right to have claims adjudicated in a constitutional court with judicial independence, jury trial protections, and evidentiary safeguards, and

14. IMPROPER VENUE - Petitioner explicitly objected to the administrative forum as improper, yet DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY continued proceedings, disregarding Petitioner's lack of consent, and

15. VIOLATION OF SEPARATION OF POWERS - DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY, an administrative agency is a statutory entity, not a constitutional court. By asserting jurisdiction over non-core constitutional claims, DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY exceeded its lawful authority.

## DUTY OWED BY DEFENDANTS TO PETITIONER

16. DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY DUTY TO Petitioner:

- Ensure that Petitioner's claims were adjudicated in the proper forum, and
- Acknowledge that constitutional claims, equitable claims, private right claims, private property claims, and trust assets claims exceed the authority of a state administrative body, and
- Refrain from adjudicating matters requiring constitutional protections, and

- Provide Petitioner with access to a proper judicial proceeding with constitutional safeguards.

## BREACH OF DUTY BY DEFENDANTS

17.    DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY BREACHED THIS DUTY BY:

- Proceeding with an administrative hearing despite Petitioner's jurisdictional challenge, and
- Failing to recognize that Petitioner's claims involved constitutional violations beyond administrative authority, and
- Suppressing Petitioner's ability to transfer the case to a proper constitutional court with full due process protections, and
- Operating outside its jurisdiction by handling claims requiring constitutional review.

## FEDERAL INGREDIENT ESTABLISHING JURRISDICTION:

18.    DENIAL OF DUE PROCESS (FIFTH & FOURTEENTH AMENDMENTS)
- DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY continued proceedings over matters that implicate constitutional rights without providing the procedural protections required under constitutional law, and
- Administrative proceedings deprived Petitioner of access to a constitutionally recognized court, and
- The lack of a fair hearing and procedural safeguards constitutes a deprivation of Petitioner's property and liberty without due process, and

19.    FIFTH AND SEVENTH AMENDMENT: IMPROPER FORUM FOR CONSTITUTIONAL ISSUES.
- The non core claims at issue involve violations of due process, equal protection, denial of redress, the right to trial by jury, deprivation of rights, cruel and unusual punishment,and cannot be properly adjudicated within an administrative forum and will perpetuate the deprivation of Petitioner constitutional rights further denying Petitioner the ability to seek proper redress, and

20.    Art I. S1.3.1 SEPARATION OF POWERS AND CHECKS AND BALANCES:
- A state administrative agency handling a claim involving constitutional violations falls under federal jurisdiction because state actions must comply with constitutional standards (*Yick Wo v. Hopkins*, 118 U.S. 356 (1886).7, and

21.    OBSTRUCTION OF ACCESS TO JUDICIAL REVIEW (Marbury v. Madison & Yick Wo v. Hopkins).  FOURTEENTH AMENDMENT (EQUAL PROTECTION & DUE PROCESS CLAUSES):
- DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY refusal to remove the case from administrative proceedings deprived Petitioner of access to a constitutional court where due process rights could be fully enforced.

22. IMPROPER ADMINISTRATIVE JURISDICTION (Marbury v. Madison & Yick Wo v. Hopkins)
   - The DEENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY lacks the authority to decide constitutional matters, violating Marbury v. Madison's declaration that only constitutional courts can decide such claims.

## DIRECT CONSEQUENCES OF IMPROPER ADMINISTRATIVE JURISDICTION/PROXIMATE CAUSE - HOW DEFENDANTS' ACTIONS LED TO Petitioner's INJURY

23. As a **direct result** of DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY unlawfully assuming jurisdiction, DEFENDANT improper assertion of jurisdiction directly caused harm and Petitioner suffered:

   - Loss of access to critical benefits, rights, interests, and private property due to improper administrative handling, and
   - Denial of access to constitutional court protections, and
   - Insufficient Procedural Protections, and
   - The inability to present claims to a jury of peers, as guaranteed under Article III of the U.S. Constitution, and
   - Denial of fundamental fairness required by due process of law, and
   - Denial of access to adequate remedies for constitutional grievances, and
   - Discrimination, denying Petitioner equal protection under the law, and
   - Continue loss of wages, medical care coverage, mental health care coverage, rehabilitation care coverage, prescription coverage, vocational training coverage, noninvasive medical imaging tests coverage, doctor visit coverage and other benefit coverage during the life of the injury, and
   - *Prolonged suffering due to employer neglect*, and
   - Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, and
   - Physical stress and development of new injuries.

## WHEREFORE, Petitioner commands:

1. **DECLARATION OF LACK OF JURISDICTION**  *A ruling confirming that* DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY lacks jurisdiction over Petitioner's claims involving constitutional violations, and enter an ORDER voiding all DEFENDANT'S judgements and orders, ab initio.
2. COMPENSATORY DAMAGES:
   - $250,000 per each constitutional violation, and
   - *$250,000 per each proceeding Wrongful administrative proceedings, and*
   - $1,000,000 LACK OF JURISDICTION, and
   - $2,000,000 Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, physical stress and development of new injuries.
3. Punitive Damages:

     o  $500,000 DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY exceeding their jurisdiction over constitutional claims.

4.  Any other relief the Court deems just and equitable.

## CLAIM 2:  DENIAL OF PROCEDURAL DUE PROCESS BY THE MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY

STATEMENT OF CLAIM

1. On or around February 6, 2023, DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY, through its assigned Magistrate, dismissed Petitioner's Workers' Compensation claim without providing Petitioner with any notice of the dismissal, and

2. Petitioner was never informed of the claim closure, or that the claim was in Default for dismissal, and was denied the opportunity to contest or appeal the decision, and

3. Petitioner  was further deprived of fundamental procedural rights, including:
   - The right to present evidence supporting Petitioner's claim, and
   - The right to know, to defend and to challenge opposing evidence, and
   - The right to cross-examine adverse witnesses.

## CAUSE OF ACTION - DENIAL OF PROCEDURAL DUE PROCESS

Legal Theories Asserted

4. DENIAL OF DUE PROCESS (FIFTH & FOURTEENTH AMENDMENTS) - DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY deprived Petitioner of fundamental procedural protections by adjudicating Petitioner's claims without affording a fair opportunity to present evidence, to defend, to challenge, cross-examine witnesses, and appeal adverse rulings, and

5. FAILURE TO PROVIDE NOTICE OF ADJUDICATION & CLAIM CLOSURE - Petitioner was never informed of the dismissal of the Workers' Compensation claim, violating the basic requirement of due process that individuals must be notified before actions affect their rights, and

6. IMPROPER ADMINISTRATIVE JURISDICTION   DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY continued adjudicating claims that exceeded its lawful authority, ignoring Petitioner's objections regarding the agency's lack of jurisdiction.

7. DENIAL OF RIGHT TO BE HEARD & PRESENT EVIDENCE - Petitioner was denied the right to present relevant evidence, respond to opposing arguments, and participate meaningfully in hearings, constituting a violation of due process protections, and

8. VIOLATION OF THE RIGHT TO APPEAL - By dismissing the case without notice, DEFENDANT denied Petitioner the ability to appeal the decision, effectively stripping Petitioner of any remedy to contest the agency's unlawful actions.

## DUTY OWED BY DEFENDANTS TO Petitioner

9. DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY HAD A LEGAL AND CONSTITUTIONAL DUTY TO:

- *Provide Petitioner with adequate notice of hearings, rulings, and case dismissals, and*
- Ensure that Petitioner was given a fair and meaningful opportunity to contest adverse decisions, and
- Permit Petitioner to present evidence, to challenge opposing evidence, and cross-examine witnesses, and
- Adhere to procedural due process requirements before dismissing Petitioner worker's compensation case.

## BREACH OF DUTY BY DEFENDANTS:

10.    DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY breached this duty by:

- Failing to notify Petitioner that the Workers' Compensation was in Default for dismissal and claim had been dismissed, and
- Continuing administrative proceedings despite Petitioner's jurisdictional objections, and
- Denying Petitioner the right to present evidence, challenge opposing evidence, to cross-examine adverse witnesses, and to appeal, and
- Dismissing the case when the DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY lacked jurisdiction, and

## FEDERAL INGREDIENT ESTABLISHING JURRISDICTION:

11.    DENIAL OF PROCEDURAL DUE PROCESS (Fifth and Fourteenth Amendments):
- The MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY through its Magistrate knowingly closed Petitioner claim without notice, depriving Petitioner a fair process to challenge the termination of benefits, depriving the Petitioner the right to be heard, to defend, to challenge and to appeal, and
- A judgment may not be rendered in violation of constitutional protections. The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard. Earle v. McVeigh, 91 US 503, 23 L Ed 398. See also Restatements, Judgments' 4(b). Prather v Loyd, 86 Idaho 45, 382 P2d 910, and
- Every person is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. Earle v McVeigh, 91 US 503, 23 L Ed 398.

12.    DENIAL OF THE RIGHT TO BE HEARD & NOTICE OF RULINGS (Mathews v. Eldridge)
- Due process requires that the Petitioner receive notice and an opportunity to be heard before an adverse decision is made. DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY failure to notify Petitioner (1) that the case is at risk for dismissal, (2) of the scheduled dismissal session, (3) and/or show cause hearing constitutes a direct violation of due process, and

13.    5ᵀᴴ AMENDMENT FUNDAMENTAL RIGHT OF "LIFE, LIBERTY, PROPERTY AND NEW PROPERTY".

- In the 1970 case of Goldberg v. Kelly, the Court found that some governmental benefits—in that case, welfare benefits—amount to "property" with due process protections. Courts evaluate the procedure for depriving someone of a "new property" right by considering: (1) the nature of the property right; (2) the adequacy of the procedure compared to other procedures; and (3) the burdens that other procedures would impose on the state. Mathews v. Eldridge (1976).

## DIRECT CONSEQUENCES OF IMPROPER ADMINISTRATIVE JURISDICTION/ PROXIMATE CAUSE – HOW DEFENDANTS' ACTIONS LED TO Petitioner INJURY:

14.    As a direct result of the MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY, through its Magistrate, knowingly closing Petitioner's claim without notice, Petitioner suffered the following:

a.  The wrongful termination of Petitioner worker's compensation benefits, lost wages, and medical care coverage, mental health care coverage, rehabilitation care coverage, prescription coverage, vocational training coverage, noninvasive medical imaging tests coverage, doctor visit coverage and other benefit coverage during the life of the injury, and
b.  The wrongful termination of Petitioner's employment benefits, and
c.  Financial distress resulting from the inability to obtain owed benefits and property, and
d.  Physical body deterioration due to the lack of continued medical care, mental health care, rehabilitation care, and
e.  Obstruction of legal redress, preventing Petitioner from being heard; to challenge, to defend, to present evidence, to cross examine the wrongful dismissal, and
f.  Financial hardship, and
g.  Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, and
h.  Physical stress and development of new injuries

## RELIEF REQUESTED – REMEDY FOR DENIAL OF PROCEDURAL DUE PROCESS

WHEREFORE, Petitioner commands:

1.  **DECLARATION OF DUE PROCESS VIOLATIONS** – Enter a ruling confirming that DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY's actions violated Petitioner's constitutional protected due process rights.
2.  Enter an Order to Reinstatement Workers' Compensation Benefits and Employment benefits – An order requiring DEFENDANTS to restore Petitioner's wage/compensation, medical care coverage, mental health care coverage, rehabilitation care coverage, prescription coverage, vocational training coverage, noninvasive medical imaging tests

coverage, doctor visit coverage and other benefit coverage during the life of the injury.

3. Compensatory Damages:
   o $250,000.00 per each constitutional violations, and
   o $1,000,000 for economic losses caused by wrongful claim dismissal.
   o $1,000,000 BREACH OF FIDUCIARY DUTY, and
   o $2,000,000 for Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish.

4. Punitive Damages:
   o $500,000 for willfully obstructing access to remedies.

5. Any other relief the Court deems just and equitable.

---

## CLAIM 3:  WORKPLACE NEGLIGENCE. DEPRIVATION OF LIBERTY AND PROPERTY WITHOUT DUE PROCESS. ECONOMIC COERCION AND INVOLUNTARY SERVITUDE.
## STATEMENT OF CLAIM

1. Petitioner had an employment contract with DEFENDANT DELTA AIRLINES, INC. at Gerald R. Ford International Airport and was required to repetitively lift and handle baggage with weight up to 70 pounds as part of job duties, and

2. On or about January 29, 2020, during the course of employment, Petitioner suffered a severe lumbar spine injury while lifting and handling heavy baggage caused by DEFEBDANT DELTA AIRLINES INC. failure to implement proper workplace safety measure, and

3. The injury resulted from a newly designed ground-level scale and conveyor belt system that required excessive bending, replacing the previous knee-level system, and

4. DEFENDANT DELTA AIRLINES, INC. knowingly implemented the hazardous new baggage handling system without providing:
   - Adequate training on safe lifting techniques for the redesigned system, and
   - Proper workplace safety measures to prevent unnecessary strain and spinal injuries, and
   - Ergonomic accommodations to minimize excessive bending and repetitive motion injuries.

5. By lowering the scale to ground level while keeping the conveyor belt at its original height, DEFENDANT DELTA AIRLINES, INC. forced Petitioner to bend fully at the waist for extended periods throughout shifts, creating extreme physical strain, and

6. The hazardous working conditions caused Petitioner to suffer severe spinal damage, which worsened due to DEFENDANT'S failure to provide proper accommodations and medical intervention, and

7. As a result of the severity of the injury, Petitioner became physically unable to continue working in the same capacity, leading to an unjust unauthorized leave status by DEFENDANT DELTA AIRLINES, INC.

## CAUSE OF ACTION – WORKPLACE NEGLIGENCE, ECONOMIC COERCION, AND INVOLUNTARY SERVITUDE
## Legal Theories Asserted

8. NEGLIGENCE (WORKPLACE SAFETY VIOLATION) - DEFENDANT DELTA AIRLINES, INC. failed to provide a safe working environment by implementing a hazardous baggage system without proper safety training, ergonomic training, equipment, or accommodations, directly leading to Petitioner's severe injury, and

9. DEPRIVATION OF LIBERTY AND PROPERTY WITHOUT DUE PROCESS (FIFTH & FOURTEENTH AMENDMENTS) - DEFENDANT DELTA AIRLINES, INC. refusal to accommodate Petitioner's injury and subsequent unauthorized leave status deprived Petitioner of property (all benefits and active employee status) and liberty (bodily autonomy and ability to work) without due process of law, and

10. ECONOMIC COERCION & INVOLUNTARY SERVITUDE (THIRTEENTH AMENDMENT VIOLATION) - By requiring Petitioner to work under hazardous conditions without alternatives, safety provisions, equipment, DEFENDANT DELTA AIRLINES, INC. created an environment of economic coercion where Petitioner had no choice but to risk serious bodily harm to maintain employment, and

11. FAILURE TO PROVIDE REASONABLE WORKPLACE ACCOMMODATIONS - DEFENDANT DELTA AIRLINES, INC. failed to provide reasonable accommodations for Petitioner's workplace injury, further exacerbating Petitioner's injury conditions rendering Petitioner unable to work, and

12. WRONGFUL TERMINATION DUE TO INJURY (RETALIATION AND EMPLOYMENT DISCRIMINATION) DEFENDANT DELTA AIRLINES, INC. enforced an unauthorized leave status demoting Petitioner to non active employee status that aligns to employment termination after Petitioner sustained a workplace injury.

## DUTY OWED BY DEFENDANTS TO PETITIONER

13. DEFENDANT DELTA AIRLINES, INC. had a legal and constitutional duty to:
   - Provide a safe working environment free from unnecessary physical hazards, and
   - Implement proper ergonomic standards to prevent workplace injuries, and
   - Provide equipment or allow protective devices, and
   - Ensure Petitioner received adequate training on how to safely perform physically demanding job duties on new scale system, and
   - Offer alternative job assignments, accommodations, and appropriate medical leave options, all injury care and emotional care, and

## BREACH OF DUTY BY DEFENDANTS

14. DEFENDANT DELTA AIRLINES, INC. breached this duty by:

   a. Implementing a hazardous baggage handling system without ergonomic considerations, and
   b. Failing to provide proper safety training or accommodations to minimize injury risks, and
   c. Forcing Petitioner to repeatedly perform physically strenuous motions that resulted in permanent spinal damage, and
   d. Failing to provide reasonable accommodations or an alternative work assignment after Petitioner's injury, and
   e. Terminating all Petitioner's employment benefits instead of addressing the workplace injury.

## FEDERAL INGREDIENT ESTABLISHING JURISDICTION

15.     FIFTH AMENDMENT. DEPRIVATION OF LIBERTY AND PROPERTY WITHOUT DUE PROCESS:
- DEFENDANT DELTA AIRLINES, INC, knowingly created unsafe working conditions, leading to deprivation of economic security, involuntary servitude, and denial of procedural due process that led to Petitioner's injury and
- DEFENDANT DELTA AIRLINES, INC failed to provide Petitioner with any specialized training on how to safely lift from the new ground scale system. Petitioner was denied procedural safeguards, including the ability to challenge dangerous conditions before suffering life-altering harm, and
- DEFENDANT DELTA AIRLINES, INC failed to accommodate Petitioner's disability following a workplace injury.

16.     EIGTH AMENDMENT: WRONGFUL UNAUTHORIED LEAVE STATUS, TERMINATION OF ALL EMPLOYEE BENEFITS & RETALIATION FOR WORKPLACE INJURY CRUEL AND UNUSAUL PUNSHMENT:
- DEFENDANT DELTA AIRLINES, INC on or around January 10, 2023, terminated all Petitioner's employee benefits under unauthorized leave status that terminates an employee employment for being physically unable to continue working due to an injury sustained while following employer-mandated performance, and

17.     THIRTEENTH AMENDMENT: ECONOMIC COERCION AND INVOLUNTARY SERVITUDE:
- DEFENDANT DELTA AIRLINES, INC. knowingly created an unsafe work environment, where Petitioner had to choose between working in hazardous conditions and refusal to comply with unsafe lifting procedures would result in termination of employment, and
- Petitioner was forced into a physically dangerous system without alternatives, and DEFENDANT DELTA AIRLINES, INC. created conditions amounting to economic servitude, where Petitioner had no choice but to risk serious bodily harm to remain employed, constituting involuntary servitude.

## DIRECT CONSEQUENCES OF WORKPLACE NEGLIGENCE & INVOLUNTARY SERVITUDE / PROXIMATE CAUSE – HOW DEFENDANTS' ACTIONS LED TO Petitioner INJURY:

18.     As a direct result of DEFENDANT DELTA AIRLINES, INC.'S workplace negligence, economic coercion, and DEFENDANTS DELTA AIRLINE, INC. failure to provide a safe workplace and reasonable accommodations directly caused Petitioner harm and the Petitioner suffered:

a. Sustained spine damage, as follows:
   Disc Desiccation: Significant degeneration and dehydration of intervertebral discs at L3-L4 and L5.
   o Spinal Canal Stenosis: Severe narrowing at L1-L2 and L2-L3, leading to nerve compression and debilitating radicular pain.
   o Neural Foraminal Narrowing: At multiple levels, causing chronic neuropathy and impaired mobility.

- o Herniated and Bulging Discs: At L3-L4, causing constant pain, limited range of motion, and progressive nerve damage.
- o Facet Arthropathy: Degeneration of facet joints, resulting in inflammation and mechanical instability.
- o Central Disc Extrusion with Cranial Migration of Disc Material: Indicating *significant spinal damage and nerve root involvement*.
- o Among other complications, mobility deficits, chronic lumbar pressure, pull, tension and pain, restricted spinal range of motion and segmental mobility, chronic thoracic pain, chronic shoulder pain, chronic neck pain and cervical spine pain, tension and pull, chronic sciatica pain, and other complication.

b. Further spinal deterioration, and permanent disability, and
c. *Reduction in future employability, and*
d. Financial hardship, and
e. Forced financial dependence, and
f. Permanent lumbar spine damage, and
g. Risk of loss of employment, and
h. Termination of all employment benefits and access to all employee accounts, and
i. *Denial of access to workers' compensation benefits, medical care coverage, mental health care coverage, rehabilitation care coverage, prescription coverage, vocational training coverage, noninvasive medical imaging tests coverage, doctor visit coverage and other benefit coverage during the life of the injury caused financial instability due to loss of income and lack of alternative employment, and*
j. Severe physical impairment and inability to engage in future work requiring physical *labor, and*
k. Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, physical stress and prolonged suffering due to employer neglect, and

## RELIEF REQUESTED – REMEDY FOR WORKPLACE NEGLIGENCE & INVOLUNTARY SERVITUDE

WHEREFORE, Petitioner demands:

1. DECLARATION OF WORKPLACE SAFETY VIOLATIONS & DUE PROCESS VIOLATIONS – A ruling confirming that DEFENDANT DELTA AIRLINES, INC. negligently created hazardous workplace conditions and deprived Petitioner of property and liberty without due process.
2. An Order entry to void unauthorized leave status, restore employee active status, *restore all employee benefits.*
3. COMPENSATORY DAMAGES:
   - $250,000 per each constitutional violation
   - $1,000,000 BREACH OF FIDUCIARY DUTY
   - $2,000,000 for Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish.
4. PUNITIVE DAMAGES:
   - $10,000,000 engaging in workplace negligence, economic coercion and involuntary servitude.
5. **Any other relief the Court deems just and equitable.**

## CLAIM 4:  DENIAL OF MEDICAL TREATMENT, BENEFITS AND MEDICAL MISDIAGNOSIS. DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS.
STATEMENT OF CLAIM:

1. On January 29, 2020, until on or around March 2, 2020, Petitioner was repeatedly told by DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA'S designated providers that Petitioner was merely suffering from muscle spasms and could return to work after taking prescribed medication, and

2. Petitioner repeatedly communicated to each designated provider (at least 5 providers) that the injury was not a muscle spasm, expressed deep concern regarding severe pain and physical dysfunction, and specifically described the progressive deterioration of Petitioner's condition., and

3. Despite Petitioner's postural, gait and flexibility immobility, restrictions and instability chronic pain, weakness, inflammation, tingling, pulling, tension, tenderness, swelling, and knotting DEFENDANT SEDGWICK'S designated providers continued to insist that Petitioner return to work under the false pretense that the condition was only muscle spasms, and

4. On January 29, 2020, until on or around July 24, 2020, Petitioner injury care by designated provider was based solely on muscle spasms treatment, and

5. On or around February 1, 2020, and on or around October 31, 2020, Petitioner repeatedly contacted DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA's claims agent, reporting improper medical care, incorrect diagnosis, and the failure to authorize essential testing to assess the severity of Petitioner's injury., and

6. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA refused to authorize critical diagnostic tests, including MRIs and CAT scans obstructing timely medical intervention, and

7. Petitioner made several requests to DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA, through its assigned claim agent, for approval to seek care outside its restricted provider network. DEFENDANT SEDGWICK denied these requests and refused to cover medical expenses for independent doctors, therapists, and specialists, preventing Petitioner from obtaining proper care, and

8. On July 14 2020, Petitioner obtained an MRI, which confirmed the severity of the injury, however, due to months of delayed medical care, Petitioner's condition had worsened significantly and new injuries developed, and

9. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA continued to deny coverage for doctor visits, rehabilitation care, prescription coverage, noninvasive medical imaging tests coverage outside of its designated providers, leaving Petitioner without access to adequate treatment, and

10. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA forced Petitioner to rely solely on designated providers whose financial relationship with DEFENDANT created an inherent bias, and

11. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA denied coverage for independent evaluations and unilaterally determined Petitioner's medical condition without affording Petitioner a meaningful opportunity to challenge SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA decisions, and

12. Petitioner was subjected to a preordained biased system because DEFENDANT's designated providers had financial ties to SEDGWICK INDEMNITY COMPANY OF NORTH

AMERICA, making their medical opinions neither neutral nor independent. This violated Petitioner's right to a fair and impartial decision making process (Goldberg v. Kelly, 1970), and

13. On or around October 31, 2020, DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA prematurely terminated Petitioner's Workers' Compensation benefits despite medical evidence confirming the severity of Petitioner's injuries.

## CAUSE OF ACTION – DENIAL OF MEDICAL TREATMENT AND BENEFITS. DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS.

Legal Theories ~~Asserted~~

14. DENIAL OF DUE PROCESS (FIFTH & FOURTEENTH AMENDMENTS) – DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA deprived Petitioner of procedural due process protections by denying independent medical evaluations, obstructing access to necessary medical care, and unilaterally terminating benefits without affording Petitioner the opportunity to be heard, to challenge, to defend the decision, and

15. DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS (FIFTH AMENDMENT VIOLATION) – Workers' compensation benefits are a protected property interest. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA termination of benefits, despite medical evidence confirming Petitioner's injury, constituted an unconstitutional deprivation of property without due process, and

16. CRUEL AND UNUSUAL PUNISHMENT (EIGHTH AMENDMENT VIOLATION) – DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA deliberate refusal to approve necessary medical treatment while compelling Petitioner to endure debilitating discomfort, pain and suffering (mentally and physically) without remedy constitutes cruel and unusual punishment, and

17. OBSTRUCTION OF ACCESS TO MEDICAL CARE & DISABILITY PROTECTIONS – By denying Petitioner access to adequate medical evaluations and restricting care to biased providers, DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA actively obstructed Petitioner's right to medical treatment and

18. FRAUDULENT CONCEALMENT & CONFLICT OF INTEREST – DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA concealed the financial relationships between itself and its designated medical providers, ensuring that medical determinations would favor the company's interests over Petitioner's health and well-being.

## DUTY OWED BY DEFENDANT TO PETITIONER

19. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA had a legal and fiduciary duty to:
   - To act in good faith when managing Petitioner's worker's compensation benefits, and
   - Provide accurate medical evaluations by neutral, independent medical professionals, and
   - Allow Petitioner the opportunity to seek independent medical opinions and provide compensation, and
   - Provide proper diagnostic tests and noninvasive imaging tests in a reduced time and

- Act in good faith by providing full and fair access to compensation benefits, medical care coverage, mental health care coverage, rehabilitation care coverage, prescription coverage, vocational training coverage, noninvasive medical imaging tests coverage, doctor visit coverage and other benefit coverage during the life of the injury, and
- Refrain from financial conflicts of interest that undermine Petitioner's right to fair and unbiased medical care, and
- Receive proper treatment and proper diagnosis.

## BREACH OF DUTY BY DEFENDANTS

20.     DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA breached this duty by:

- Derivation and denial of insurance benefits, and
- Denying necessary diagnostic tests and noninvasive imaging tests for months, delaying Petitioner's access to proper care, and
- Failing to order and mis-ordering medical tests, and
- Improper medical care, delayed treatment, or no treatment Restricting Petitioner's medical care to company-affiliated providers who prioritized corporate financial interests over Petitioner's physical health, mental health and wellbeing, and
- Failing to provide Petitioner's choice of independent and unbiased medical assessments, and
- Prematurely terminating workers' compensation benefits without justification, despite medical evidence confirming the severity of Petitioner's injuries 100% healed, and
- Failing to provide Petitioner with notice, depriving the Petitioner the right to be heard, to challenge, and to present evidence in opposition to SEDGWICK's unilateral decision to terminate worker's compensation

## FEDERAL INGREDIENT ESTABLISHING JURISDICTION:

21.     FIFTH AND FOURTEENTH AMENDMENTS - DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS:

22.     Petitioner was entitled to employment protections and worker's compensation benefits during the life of the injuries. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA willful termination of worker's compensation claim and DEFENDANT MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY AGENCY willful dismissal of worker's compensation claim is a due process violation, and

23.     PROCEDURAL DUE PROCESS (FIFTH AMENDMENT):
- DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA willingly and knowingly failed to notify Petitioner of Petitioner right to independent medical care in which deprived Petitioner of the opportunity to make informed decisions about my mental health, physical health and wellbeing violating my due process rights, and

24.    FIFTH AND EIGHTH AMENDMENT (DUE PROCESS AND CRUEL AND UNUSUAL
PUNISHMENT):
- By limiting Petitioner outside designated providers financially tied to them
  and refusing to coverage, DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA
  effectively controlled my bodily autonomy, thereby denying Petitioner of proper
  Care is an unconstitutional interference with my right to personal security and
  medical autonomy (Washington v. Harper, 1990), and
- Denying and depriving Petitioner of insurance benefits, and
- Due process requires fair procedures when property rights are affected.
  Petitioner's workers' compensation benefits, employment benefits, physical
  injury, work occupation, labor and skills, Labor and Skill Contracts,
  disability indemnification and guarantee insurance policy and/or policies, are
  a protected property rights and interest, and the denial of response to
  inquiries effectively deprived Petitioner of the right to due process, and
- **Deprivation of assets is deprivation of the right of ownership, enjoyment and
  possession of assets** is due process violations:  Money, credit, securities,
  bills, investments, coupon books, dividends, funds, accounts, certificates
  securities, shares, profits and gains, legal and beneficial titles of
  disability indemnification and guarantee insurance policy and/or policies.

25.    EIGHTH AMENDMENT (CRUEL AND UNUSUAL PUNISHMENRT)
- Petitioner deliberate indifference to Petitioner medical needs and the
  resulting exacerbation of my injuries amounted to cruel and unusual punishment,
  as established in Estelle v. Gamble (1976).
- DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA improper medical care,
  delayed treatment, or no treatment amounted to cruel and unusual punishment.

26.    EIGHT and FOURTEENTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT:
- As an injured worker, DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA
  limited petitioner healthcare options, subjecting Petitioner to harsher
  restrictions than individuals with private insurance or general medical needs.
  The Equal Protection Clause of the Fourteenth Amendment prohibits
  discrimination or disparate treatment between similarly situated individuals
  (Yick Wo v. Hopkins, 1886), and

27.    14TH AMENDMENT (EQUAL PROTECTION VIOLATION):
- DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA refusal to engage,
  reliance on biased medical evaluations, and failure to disclose my rights to
  independent health care providers constitute discriminatory actions, violating
  the Equal Protection Clause, and
- Substantive due process protections prohibit the deprivation of fundamental
  rights, including the right to medical care, accurate diagnosis, accurate
  testing and fair treatment, as established in County of Sacramento v. Lewis
  (1998).

**DIRECT CONSEQUENCES OF DENIAL OF MEDICAL TREATMENT AND BENEFITS and
DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS / PROXIMATE CAUSE – HOW
DEFENDANTS' ACTIONS LED TO Petitioner INJURY:**

28.     As a direct result of DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH
AMERICA DENIAL OF MEDICAL TREATMENT, BENEFITS and MEDICAL MISDIAGNOSIS.
DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS., directly caused harm and
Petitioner suffered:

a.  Worsening of symptoms, and
b.  Deterioration of health, and
c.  Financial hardship, and
d.  Prolonged suffering, and
e.  Denied path to full recovery, and
f.  Diminished in quality of life, and
g.  Denial of access to workers' compensation benefits, medical care coverage, mental
health care coverage, rehabilitation care coverage, prescription coverage, vocational
training coverage, noninvasive medical imaging tests coverage, doctor visit coverage
and other benefit coverage during the life of the injury caused financial instability
due to loss of income and lack of alternative employment, and
h.  Permanent lumbar spine damage, and
i.  Risk of loss of employment, and
j.  Severe physical impairment and inability to engage in future work requiring physical
labor, and
k.  Psychological Injury: Mental anguish and distress, depression, anxiety, emotional
distress and anguish, physical stress and prolonged suffering due to employer neglect

## RELIEF REQUESTED – REMEDY FOR DENIAL OF MEDICAL TREATMENT, BENEFITS and MEDICAL MISDIAGNOSIS

WHEREFORE, Petitioner commands:

1.  REINSTATEMENT OF WORKERS' COMPENSATION BENEFITS – An order requiring DEFENDANT to
reinstate workers' compensation benefits, medical care coverage, mental health care
coverage, rehabilitation care coverage, prescription coverage, vocational training
coverage, noninvasive medical imaging tests coverage, doctor visit coverage and other
benefit coverage during the life of the injury.
2.  Entry of Order to produce all disability indemnification and guarantee insurance
policy and other policies for CARMIE RONATA BURNETT NAICS/Self Insured insurance
policy number 061016108, the policy provisions for claim number 302204421411-0001, and
any other insurance policy.
3.  Entry of Order to produce Bloomberg accounting of all disability indemnification and
guarantee insurance policy and other policies.
4.  COMPENSATORY DAMAGES:
     o  $250,000 per each constitutional violation.
     o  $100,000,000 for prolonged medical suffering, no treatment, injury misdiagnosis
        and physical harm.
     o  $100,000,000 Insurance Fraud-Securities Fraud.
     o  $10,000,000 BREACH OF FIDUIARY DUTY
     o  Disability indemnification and guarantee insurance policy and other policies
        Money, credit, securities, shares, dividend, accounts, coupon books, proceeds,

profits and gains right of ownership, enjoyment and possession of assets (AMOUNT TO BE DETERMINED).

- o   $2,000,000 for Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, physical stress and prolonged suffering due to employer neglect.

5. **PUNITIVE DAMAGES:**
   - o   $50,000,000 for intentional denial of medical care and bad faith administration of benefits.
6. *Any other relief the Court deems just and equitable.*

---

**CLAIM 5:   WRONGFUL CONVERSION OF WORKPLACE INJURY STATUS TO UNAUTHORIZED LEAVE STATUS AND UNJUST TERMINATION OF EMPLOYEE BENEFITS & DUE PROCESS VIOLATION. STATEMENT OF CLAIM:**

1. DEFENDANT DELTA AIRLINES, INC. by and thru Steven M. Butler sent a letter dated January 4, 2025, to Petitioner stating, "our records show you have been absent since January 29, 2020, which is resulted in authorized absence, if you are unable to open a claim with Sedgwick by Friday, January 10, 2025, on your time out of work is not approved by SEDGWICK you may be placed on unauthorized leave status, pending the review of your employment, and
2. Petitioner received letter from DEFENDANT DELTA AIRLINES INC. on January 9, 2025, and
3. On January 9, 2025, Petitioner called DEFENDANT'S SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and spoke with approximately 3 agents and a supervisor and each communicated that they can't provide me with no information about this claim account, that they have been instructed not to answer any questions and that I must communicate with their legal counsel, Danial J. Hebert, and
4. DEFENDANT DELTA AIRLINES, INC. NEVER notified Petitioner of Employment Status was at risk, and
5. DEFENDANT DELTA AIRLINES, INC. willing and knowingly FAILED TO PERFORM the following:
   - i.   Provide any written or verbal notification or phone call regarding Petitioner alleged absences from January 29, 2020 thru January 10, 2025, and
   - ii.  Failed to make any request, demand or attempt to notify Petitioner about returning to work, and
   - iii. Failed to Clarify Petitioner's employment status before issuing termination, and
   - iv.  Failed to provide Petitioner with any reasonable accommodations to return to work, and
6. Petitioner remains unable to work due to the severe postural, gait and flexibility immobility, restrictions and instability chronic pain, weakness, inflammation, tingling, pulling, tension, tenderness, swelling, and knotting, caused by the injury and DEFENDANT DELTA AIRLINES, INC failed to perform MRI and CT scan to know Petitioner's current injury state , and
7. DEFENDANT'S SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINE INC. counsel mailed a letter dated January 29, 2025, stating, "DELTA AIRLINES INC. will

*not be reinstating you Worker's Compensation benefits, is under no obligation to provide you insurance policies and will not be reinstating you to active employee status".*

## DUTY OWED BY DEFENDANTS TO Petitioner

8. to: Defendant Delta Airlines, Inc. had a legal and constitutional duty to:
   - o Communicate with Petitioner regarding employment status, risks, and potential consequences, and
   - o Provide reasonable accommodations for Petitioner's documented workplace injury, and
   - o Ensure that unauthorized leave status was not retaliatory or discriminatory.

---

## BREACH OF DUTY BY DEFENDANTS

9. Defendant Delta Airlines, Inc. breached this duty by:

- Refusing to acknowledge Petitioner's workplace injury and continued medical restrictions, and
- Coercing Petitioner into financial hardship by terminating employment while simultaneously blocking access to medical benefits.

## FEDERAL INGREDIENT ESTABLISHING JURISDITION:

10. FIFTH AND FOURTEENTH AMENDMENTS DUE PROCESS VIOLATION. Petitioner was deprived of the opportunity to defend, to be heard and challenge the alleged absences, and was deprived to return to work by DELTA AIRLINES, INC depriving Petitioner of procedural due process rights, as established in Mathews v. Eldridge (1976).
11. DENIAL OF LIBERTY VIOLATION (FOURTEENTH AMENDMENT): DEFENDANT DELTA AIRLINES, INC. refusal to address current medical needs is denial of liberty, and
12. FIFTH AMENDMENTS DUE PROCESS VIOLATION: DEFENDANT DELTA AIRLINES, INC. terminating all employee benefits from a workplace injury is deprivation of property rights and liberty interests, and
13. THE FIFTH AND FOURTEENTH AMENDMENTS: Guarantee the right to due process before deprivation of property or employment. Fuentes v. Shevin, 407 U.S. 67 (1972), establishes that procedural due process applies when an individual is deprived of benefit, and
14. FOURTEENTH AMENDMENT – EQUAL PROTECTION: Targeting Petitioner for termination based on my injury and claim status constitutes unequal treatment, violating the Equal Protection Clause of the Fourteenth Amendment, as interpreted in Yick Wo v. Hopkins (1886).

## DIRECT CONSEQUENCES OF WRONGFUL CONVERSION OF WORKPLACE INJURY STATUS TO UNAUTHORIZED LEAVE STATUS AND UNJUST TERMINATION OF EMPLOYEE BENEFITS & DUE

## PROCESS VIOLATIONDUE PROCESS VIOLATION / PROXIMATE CAUSE - HOW DEFENDANTS' ACTIONS LED TO Petitioner INJURY:

15. As a **direct result** of DEFENDANT DELTA AIRLINES, INC UNJUST UNAUTHORIZED LEAVE STATUS. DUE PROCESS VIOLATION directly caused harm and Petitioner suffered from the following:

   - Unlawful termination of employment practices, and.
   - Denial of medical care and workers' compensation benefits, and
   - Extreme financial hardship and economic instability, and
   - Long-term medical suffering due to lack of treatment, and
   - Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, physical stress and prolonged suffering due to employer neglect.

## RELIEF REQUESTED - REMEDY FOR WRONGFUL CONVERSION OF WORKPLACE INJURY STATUS TO UNAUTHORIZED LEAVE STATUS AND UNJUST TERMINATION OF EMPLOYEE BENEFITS & DUE PROCESS VIOLATION

WHEREFORE, Petitioner commands:

1. **REINSTATEMENT OF EMPLOYMENT & BENEFITS** - An order requiring DEFENDANT DELTA AIRLINES, INC. to reinstate Petitioner's employment to active status, reinstate all employee benefits, and workers' compensation benefits.
2. Compensatory Damages:
   - $250,000 Per each constitutional violation.
   - $4,000,000 WRONGFUL CONVERSION OF WORKPLACE INJURY STATUS TO UNAUTHORIZED LEAVE STATUS AND UNJUST TERMINATION OF EMPLOYEE BENEFITS.
   - $1,000,000 BREACH OF FIDUCIARY DUTY.
   - $2,000,000 for Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, physical stress and prolonged suffering due to employer neglect.
3. Punitive Damages:
   - $1,000,000 for Defendant engaging in conspiracy to terminate employee contract.
4. Any other relief the Court deems just and equitable.

## CLAIM 6:  COERCIVE SETTLEMENT PRACTICES, CONSPIRACY TO DENY BENEFITS, FRAUDULENT INDUCEMENT
STATEMENT OF CLAIM

1. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DEFENDANT DELTA AIRLINES, INC., through their legal representative, engaged in coercive settlement practices by intentionally pressuring Petitioner to accept an unfair and inadequate settlement while Petitioner was still suffering from severe physical injuries and had been denied necessary medical care during the life of the injury, and

2. On March 15, 2022, DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA
   AIRLINES, INC., through their legal counsel, Daniel J. Herbert, sent an email to
   Petitioner's then-counsel, explicitly stating:
   - "Once again, please continue to keep me apprised as to the status of your
     efforts to 'CONVINCE' your client to accept my client's full and final
     settlement of $22,000.00 for a redemption of ALL LIABILITY."

3. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. use of
   the term 'CONVINCE' clearly demonstrates DEFENDANTS' intent to apply undue pressure
   on Petitioner, ensuring that Petitioner's right to future medical treatment,
   rehabilitation benefits. prescription costs, vocational retraining, lifelong pension
   for a permanent total disability, and other benefits that would be permanently waived
   under, and

4. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC were
   fully aware that Petitioner was still suffering from a debilitating workplace injury,
   including Psychological issues that arose from the injury as well as physical issues
   such as chronic pain tension, tingling, inflammation, swelling and tightness, severe
   postural, gait, mobility and flexibility restrictions, severe instability, severe
   nerve root pain, severe muscle and joint weakness, yet they continued to use economic
   duress to force an unfair settlement, and

5. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. as a
   negotiation tactic, knowing that Petitioner's inability to pay for medical care
   coverage, mental health care coverage, rehabilitation care coverage, prescription
   coverage, vocational training coverage, noninvasive medical imaging tests coverage,
   doctor visit coverage and other benefit coverage during the life of the injury created
   extreme financial distress, making it impossible for Petitioner to reject the
   settlement, and

6. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC.
   knowingly and intentionally leveraged Petitioner's mental suffering, financial
   hardship, physical suffering, and lawful disadvantage as a means of forcing an
   involuntary waiver of Petitioner's constitutional rights and contractually guaranteed
   benefits. and

7. DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. failed
   to provide Petitioner with a fair opportunity to negotiate or contest the denial of
   benefits before aggressively pushing for an immediate settlement, ensuring that
   Petitioner would be left without recourses.

## CAUSE OF ACTION – COERCIVE SETTLEMENT PRACTICES, CONSPIRACY TO DENY BENEFITS, FRAUDULENT INDUCEMENT.
### Legal Theory Asserted:

8. **FRAUDULENT INDUCEMENT** – DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and
   DELTA AIRLINES INC. knowingly used deceptive tactics to induce Petitioner into waiving
   constitutional protected rights and care during the life of injury.

9. **DURESS & ECONOMIC COERCION** – DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA
   and DELTA AIRLINES INC. created hardship to force Petitioner into an unfair
   settlement.

10.     CONSPIRACY TO DENY BENEFITS - DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. acted in concert to suppress Petitioner's ability to contest constitutional violations and obtain fair compensation.

11.     UNCONSCIONABILITY - The terms of the settlement were unjust, oppressive, and leveraged against Petitioner's vulnerable condition.

## BREACH OF DUTY BY DEFENDANTS

12.     DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. had a duty to:
- Process Petitioner's claims fairly and without undue pressure, and
- Ensure Petitioner received medical care, medical care, rehabilitation care, prescriptions, vocational training, proper noninvasive medical imaging tests without interference, and
- Negotiate in good faith without using Petitioner's financial and medical hardship as leverage, and

13.     DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. breached this duty by:
- Attempting to force Petitioner into an unfair settlement that would permanently waive lifelong pension during the life of injury, all rights, all needed treatment, care, rehabilitation care, prescription coverage, vocational training and other benefits and compensation, and
- Using misleading and coercive language ("convince your client") to pressure Petitioner into accepting terms under duress, and
- Refusing to allow Petitioner to contest DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. claims of denials before pushing for settlement, and
- Intentionally withholding benefits to create economic pressure.

## FEDERAL INGREDIENT ESTABLISHING JURISDICTION:

14.     FIFTH AND FOURTEENTH AMENDMENTS - DUE PROCESS VIOLATIONS
- DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. engaged in coercive financial tactics designed to deprive Petitioner of due process by forcing an involuntary waiver of rights to benefits and future compensation, and
- Petitioner had no fair opportunity to contest medical neglect before being forced into a decision that would permanently impact Petitioner's life and health, and

15.     FIRST AMENDMENT - VIOLATION OF THE RIGHT TO PETITION FOR REDRESS OF GRIEVANCES
- DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. sought to obstruct Petitioner's ability to challenge wrongful claim denials by coercing a settlement under duress, and
- Conspiring with Petitioner's counsel to "convince" Petitioner to accept the settlement was an act of intentional suppression of redress, and

16.     THIRTEENTH AMENDMENT - ECONOMIC COERCION AND FORCED LABOR
- DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. coercive settlement practices placed Petitioner in a situation where financial and medical desperation were exploited to force an agreement, and
- By leveraging the denial of worker's compensation benefits against Petitioner, DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. sought to force Petitioner into financial servitude and medical abandonment, and

17.     OBSTRUCTION OF EMPLOYMENT RIGHTS & ECONOMIC COERCION (THIRTEENTH AMENDMENT VIOLATION):

18.     By terminating all Petitioner's employment benefits while obstructing access to medical care and workers' compensation benefits, DEFENDANT DELTA AIRLINES, INC. placed Petitioner in an economically coercive position, forcing financial hardship as a means of discouraging legal action, and

## PROXIMATE CAUSE OF COERCIVE SETTLEMENT PRACTICES - HOW DEFENDANTS' ACTIONS CAUSED PETITIONER'S HARM

19.     As a **direct result** of DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. **COERCIVE SETTLEMENT PRACTICES** directly caused harm and Petitioner suffered:
- Exacerbation of medical injuries due to delayed and denied treatment, and
- Severe financial distress due to DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. suppression of rightful benefits, and
- Psychological distress, mental anguish, physical distress, anxiety, and emotional trauma resulting from repeated force to unfair and unjust settlement, and
- Permanent risk of medical abandonment due to DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC attempts to force the waiver of future liability rights, and
- Obstruction of Petitioner's ability to seek fair redress, making it impossible to challenge wrongful claim denial and constitutional, and
- Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, physical stress and prolonged suffering due to employer neglect.

## RELIEF REQUESTED - REMEDY FOR COERCIVE SETTLEMENT PRACTICES

WHEREFORE, Petitioner commands:
1. DECLARATION OF SETTLEMENT COERCION - A formal ruling voiding any settlement agreements entered into under duress.
2. COMPENSATORY DAMAGES:
   - $250,000 for each constitutional violation, and
   - $10,000,000 FRAUDULENT INDUCEMENT violating private rights, interest and property loss.
   - $20,000,000 CONSPIRACY TO DENY BENEFITS

- ○ $2,000,000 for Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, physical stress and prolonged suffering due to employer neglect

3. PUNITIVE DAMAGES:
   - ○ $20,000,000 for DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC. for engaging in coercive settlement practices to not pay out insurance benefits, worker's compensation during the life of injury.

4. ANY OTHER RELIEF THE COURT DEEMS JUST AND EQUITABLE.

## CLAIM 7:  FAILURE TO RESPOND TO LEGAL NOTICES, FRAUDULENT CONCEALMENT OBSTRUTION and BAD FAITH ADMINISTRATION OF CLAIMS. CONTRACT BREACH. OBSTRUCTION OF JUSTICE
### STATEMENT OF CLAIM

1. On or around June 14, 2022, DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA contacted Petitioner and left a voicemail requesting a return call, and

2. Petitioner returned the call the same day and spoke with a SEDGWICK agent, who stated that due to ongoing settlement proceedings, everything was put on hold and because no settlement had been reached, they processed documents to maintain Petitioner's active employee status.

3. On or around June 16, 2022, DEFENDANT'S SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINE INC. counsel called the Petitioner and left a voice message demanding the Petitioner not to contact DEFENDANT's SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINE INC. directly, and

4. Since 2021, Petitioner has submitted multiple notices and inquiries to DEFENDANT'S SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINE INC. legal counsel regarding:
   - Unlawful termination of workers' compensation benefits, and
   - Denial of medical care, and
   - Unpaid medical leave absences and the production of unpaid medical documentations, and
   - Trust Property, and
   - Malpractice by company doctors, and
   - Produce insurance provisions and coverage policy including the full accounting of the policy accounting for inspection of the disability indemnification and guarantee insurance policy/polices, and
   - The production of all insurance policies information, CUSIP information, shares, investments, instruments, securities, and
   - The production of substantial evidence to support DEFENDANT'S SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINE INC. claims,
   - To Address DEFENDANT'S SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINE INC. breach of trust, breach of fiduciary duty, Default, Fraud, Malpractice of company appointed doctors, and
   - To address the accounting and securities of the flight benefit agreement and Address the True Bill payment , and
   - Address Petitioner's equitable interest and beneficial interest, and

5. This continued silence obstructed Petitioner's ability to contest claim denials and pursue resolution through lawful channels, constituting a direct violation of Petitioner's due process rights, and

6. On January 29, 2025, DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES INC. mailed a letter to Petitioner, formally stating that Petitioner was prohibited from contacting anyone at SEDGWICK or DELTA AIRLINES INC. directly, **and**

7. This refusal to communicate obstructed Petitioner's ability to challenge wrongful claim denials, pursue legal and contractual claims, and ensure the enforcement of rightful benefits, violating fundamental due process protections.

## CAUSE OF ACTION – FAILURE TO RESPOND TO LEGAL NOTICES, FRAUDULENT CONCEALMENT OBSTRUTION and BAD FAITH ADMINISTRATION OF CLAIMS. CONTRACT BREACH. OBSTRUCTION OF JUSTICE

Legal Theories Asserted:

8. **BREACH OF FIDUCIARY DUTY** – DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES INC. owed Petitioner a fiduciary duty to act in good faith when handling insurance and worker's compensation claims but instead actively suppressed legally required disclosures, failed to defend and failed to respond to inquiries when they have a duty to do so, and

9. **FRAUDULENT CONCEALMENT** – DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES INC. intentionally withheld material information regarding Petitioner's employment benefits, insurance policies, financial securities, and compensation rights to prevent Petitioner from asserting claims, and

10. **CONTRACTUAL BREACH** – DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES INC. failed to comply with obligations related to employee contract in RE to workers' compensation benefits, disability indemnification contract, and financial policy disclosures, breaching their contractual duties,

11. **BAD FAITH ADMINISTRATION OF CLAIMS** – DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES INC. deliberately obstructed Petitioner's ability to contest wrongful claim denials and prevented fair claim resolution by refusing to communicate, violating principles of fair dealing.

12. **OBSTRUCTION OF JUSTICE** – DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES INC. engaged in a deliberate effort to prevent Petitioner from lawfully contesting claim denials, seeking rightful disability insurance disbursements, accessing financial documentations, and accessing the above inquiries documentations.

## DUTY OWED BY DEFENDANTS TO PETITIONER

13. DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES INC. had a legal and contractual duty to:
    a. Acknowledge, to defend, to respond to Petitioner's notices and inquiries in the prescribed manner,
    b. Ensure Petitioner had full access to all requested records without obstruction

c. Provide Petitioner with a means to appeal adverse decisions and wrongful claim denials, and

d. Act in good faith by processing Petitioner's lawful requests rather than suppressing communication.

## BREACH OF DUTY BY DEFENDANTS

14.   DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES INC.  breached this duty by:

a. Refusing to respond to multiple lawful notices and inquiries since May 4. 2022, and

b. Suppressing Petitioner's right to challenge wrongful denials of benefits, interests, rights, and beneficial and equitable entitlements, and

c. Issuing a written directive on January 29, 2025, barring Petitioner from contacting DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES INC, and

d. Failing to disclose material information directly impacting Petitioner's rights, equitable rights, interests, and beneficial interest, and

e. Obstructing Petitioner's access to employment-related, insurance related and trust property information.

# FEDERAL INGREDIENT ESTABLISHING JURISDICTION:

15.   FIRST AMENDMENT – VIOLATION OF RIGHT TO PETITION FOR REDRESS OF GRIEVANCES

• DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA'S failure to respond to multiple legal notices since 2021 obstructed Petitioner's ability to challenge claim denials, obstructed the right to present evidence violating the First Amendment's protection against suppression of redress.

16.   THIRTEENTH AMENDMENT – ECONOMIC COERCION AND FORCED LABOR

• By barring Petitioner from direct communication while refusing to provide required information, DEFENDANT'S SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES INC created conditions of economic coercion, where Petitioner:

o Was forced to remain in financial distress without access to benefits.

o Had no lawful pathway to contest the loss of medical coverage, worker's compensation benefits, employee benefits, and

o These actions created a coercive labor environment, violating the Thirteenth Amendment's prohibition on involuntary servitude.

DIRECT CONSEQUENCES OF FAILURE TO RESPOND TO LEGAL NOTICES, FRAUDULENT CONCEALMENT OBSTRUTION and BAD FAITH ADMINISTRATION OF CLAIMS. CONTRACT BREACH. OBSTRUCTION OF JUSTICE PROXIMATE CAUSE – HOW DEFENDANTS' ACTIONS LED TO PETITIONER'S INJURY

17.    As a direct result of Defendants' failure to respond to legal notices and obstruction of claim review, directly caused harm Petitioner suffered the following:

   a. Wrongful Termination of Employment and flight benefits, and

   b. Worsened Medical Condition, and

   c. Reduction in Petitioner's quality of life, and

   d. Loss of financial stability due to wrongful denial of owed benefits

   e. Obstruction of Petitioner's ability to contest wrongful claim denials, and

   f. Inability to appeal wrongful claim denials or contest fraudulent determinations due to Defendants' suppression of communication.

   g. Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, physical stress and prolonged suffering due to employer neglect.

RELIEF REQUESTED – REMEDY FOR FAILURE TO RESPOND TO LEGAL NOTICES, FRAUDULENT CONCEALMENT OBSTRUTION and BAD FAITH ADMINISTRATION OF CLAIMS. CONTRACT BREACH. OBSTRUCTION OF JUSTICE

WHEREFORE, Petitioner demands:

1. DECLARATION OF DEFENDANT'S SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES INC WRONGFUL OBSTRUCTION – A ruling confirming DEFENDANTS' violation of due process, fraudulent concealment, Breach of contract bad faith administration and suppression of legal redress.

2. COMPENSATORY DAMAGES:
   o $250,000 PER EACH CONSTITUTIONAL VIOLATION
   o $10,000,000 CONTRACTUAL BREACH
   o $2,00,000 for Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, physical stress and prolonged suffering due to employer neglect
   o $10,000,000 BAD FAITH ADMINISTRATION OF CLAIMS
   o $10,000,000 FRAUDULENT CONCEALMENT/SUPPRESSION OF LEGAL REDRESS
   o $10,000,000 BREACH OF FIDUCIARY DUTY

3. PUNITIVE DAMAGES:
   o $10,000,000 for engaging in obstruction tactics.

4. ANY OTHER RELIEF THE COURT DEEMS JUST AND EQUITABLE.

CLAIM 8:  REMEDY FOR MEDICAL FRAUD. MEDICAL MALPRACTICE. FRAUDULENT MISREPRESENTATION AND CONCEALMENT. RETALIATION AND OBSTRUCTION OF CARE. FRAUDULENT DENIAL OF BENEFITS. FALSIFICATION AND ALTERATION OF MEDICAL RECORDS

Unlawful Prescribing Practices, Fraudulent Medical Documentation, Retaliatory Medical Decisions

STATEMENT OF CLAIM/ALLEGATIONS

1. On or around August 9. 2022, Petitioner served a legal notice of medical fraud and obstruction of care TO DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES. INC. regarding:
   - Unlawful prescribing practices, fraudulent medical documentation, and retaliatory medical decisions that contributed to Petitioner's continued injury and wrongful denial of benefits.

2. DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES, INC. designated medical providers engaged in deceptive and harmful practices, including:
   a. Reckless Prescription of Opioids Without Disclosure of Risks, and
   b. Each designated medical provider solicited the use of opioid medications to Petitioner without disclosing the potential risks of addiction, dependency, and harmful side effects, and
   c. Petitioner, recognizing the dangers of opioid addiction, refused the prescriptions, which led to negative labels in medical reports falsely stating that Petitioner was "non compliant" with treatment.

3. RETALIATION FOR ASSERTING MEDICAL AND RELIGIOUS RIGHTS:  DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES, INC. designated physician, Dr. Ramin Rahimi, terminated Petitioner's medical treatment in retaliation for:
   a. Petitioner's inability to wear a mask during water therapy due to documented medical and religious reasons, and
   b. Petitioner's refusal to accept opioid prescriptions or steroid injections due to designated providers lack to provide side effects for health risks associated with short and long-term opioid use, and
   c. Dr. Rahimi, responding to Petitioner's refusal, falsely declared Petitioner fit for work without conducting an MRI, CAT scan, CT SCAN or other noncvasive image scan tests, deliberately failing to assess Petitioner's injury condition accurately.

4. DENIAL OF REFERRAL TO ALTERNATIVE TREATMENT PROVIDERS:
   - Dr. Ramin Rahimi refused to treat Petitioner for refusing to wear a mask in a pool during water rehabilitation, and
   - Petitioner sought alternative therapy from NovaCare, which offered a holistic, non-drug approach to injury dare and a mask-free therapy option, and
   - Dr. Rahimi refused to provide a referral to NovaCare, knowing that a referral was required for treatment approval, thereby intentionally obstructing Petitioner's access to necessary medical care, and
   - Petitioner communicated to DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA claim agent about the Dr. Rahimi denial of referral, and DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA terminated worker's compensation, and

5. FALSIFICATION AND ALTERATION OF MEDICAL RECORDS:
   - Another designated provider, Dr. Vogel, falsely stated in Petitioner's medical history that Petitioner had a preexisting history of low back pain. right leg pain, and somatic dysfunction of the cervical, thoracic, and lumbar regions of the pelvis, and
   - No prior medical records supported this claim, making Dr. Vogel's statements fraudulent, and

- Dr. Vogel knowingly altered or obscured Petitioner's medical history to justify the denial of workers' compensation benefits, and

6. FRAUD AND DENIAL OF ACCESS TO MEDICAL RECORDS:
- Dr. Vogel refused to produce the alleged medical records that supposedly contained Petitioner's preexisting injuries, violating Petitioner's right to access medical records, and
- Dr. Vogel stated in the medical report that the records "were not available for review," yet still relied on them to deny benefits, proving fraudulent intent and bad faith medical reporting, and

## CAUSE OF ACTION – REMEDY FOR MEDICAL FRAUD. MEDICAL MALPRACTICE. FRAUDULENT MISREPRESENTATION AND CONCEALMENT. RETALIATION AND OBSTRUCTION OF CARE. FRAUDULENT DENIAL OF BENEFITS. FALSIFICATION AND ALTERATION OF MEDICAL RECORDS

Legal Theories Asserted

7. **DENIAL OF DUE PROCESS (FIFTH & FOURTEENTH AMENDMENTS)** – DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINE, INC. deprived Petitioner of procedural due process protections by allowing biased medical evaluations, denying access to alternative treatment, and obstructing access to medical records, and

8. **DEPRIVATION OF LIBERTY AND BODILY INTEGRITY (FIFTH & FOURTEENTH AMENDMENTS)** The reckless medical decisions imposed upon Petitioner violated Petitione's right to bodily integrity by forcing unnecessary treatments while obstructing legitimate medical options, and

9. **CRUEL AND UNUSUAL PUNISHMENT (EIGHTH AMENDMENT VIOLATION)** – DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA deliberately denied Petitioner proper medical care while knowingly subjecting Petitioner to continued suffering, constituting cruel and unusual punishment, and

10. **FRAUDULENT MISREPRESENTATION AND CONCEALMENT** – DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA designated providers knowingly altered Petitioner's medical records, misrepresented Petitioner's medical history, and concealed information to justify denial of benefits, and

11. **RETALIATION FOR ASSERTING MEDICAL AND RELIGIOUS RIGHTS** – Petitioner was denied treatment and labeled "non-compliant" for refusing opioid medications and asserting medical and religious accommodations, violating Petitioner's fundamental rights, and

12. **OBSTRUCTION OF MEDICAL CARE** – DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA' refusal to provide referrals, their obstruction of access to treatment, and their retaliation against Petitioner for refusing unnecessary medication constituted a violation of Petitioner rights, and

## DUTY OWED BY DEFENDANTS TO PETITIONER

13. DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES, INC. had a legal and ethical duty to:
   a. Provide accurate, fair, and unbiased medical evaluations, and
   b. Ensure that designated medical providers did not alter or fabricate medical records, and
   c. Allow Petitioner to access alternative medical treatment outside of Sedgwick's DESIGNATED providers, and
   d. Disclose the full risks and side effects of prescribed medications, and
   e. Respect Petitioner's medical and religious rights without retaliation, and

## BREACH OF DUTY BY DEFENDANTS

14.    Defendants breached this duty by:
   a. Knowingly allowing their designated medical providers to misdiagnose and mistreat Petitioner, and
   b. Failing to disclose the risks and side effects of prescribed opioid medications, and
   c. Allowing doctors to alter Petitioner's medical history to justify claim denials, and
   d. Blocking referrals to alternative treatment providers, forcing Petitioner to rely solely on biased in-network providers, and
   e. Retaliating against Petitioner for asserting medical and religious rights, and

## FEDERAL INGREDIENT ESTABLISHING JURISDICTION:

15.    FIFTH AMENDMENT - DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS:
   • DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES, INC. interference with Petitioner's ability to seek independent medical care violated Petitioner's constitutional right to control their own medical treatment, and

16.    FIFTH AND FOURTEENTH AMENDMENTS - DEPRIVATION OF LIFE, LIBERTY, AND PROPERTY WITHOUT DUE PROCESS:
   • By fabricating false medical records and refusing to investigate malpractice claims, DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA AND DELTA AIRLINES, INC. engaged in a deliberate deprivation of Petitioner's protected property interest, medical benefits and compensation without due process, and
   • Breach of Patient-Provider Fiduciary Relationship and Intentional Medical Fraud. Dr. Rahimi falsely documented that Petitioner agreed to return to work fully healed, knowing that Petitioner never consented to this determination, and
   • Dr. Rahimi knowingly violated the duty of care by failing to explain Petitioner's condition, omitting risks of returning to work, and refusing to collaborate with Petitioner in medical decision-making, and

17.    Petitioner was denied equal protection by being subjected to fraudulent medical evaluations, deliberately misrepresenting Petitioner's medical records, and

18.    First Amendment - Retaliation for Asserting Religious and Medical Rights
   • Petitioner was punished for exercising religious and medical freedoms, as Dr. Rahimi terminated treatment after Petitioner refused mask mandates for medical and religious reasons, and
   • DEFENDANT'S SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINE INC., conspired to use Petitioner's lawful medical choices against Petitioner, terminating medical care, worker's compensation benefits, employee benefits, and labeling Petitioner as "non-compliant" in order to fabricate justification for denying benefits, and

19.    First Amendment violations arise where government-backed medical decisions are used to coerce individuals into compliance through economic punishment and medical neglect, and

20.    **Eighth Amendment – Deliberate Indifference to Serious Medical Needs**
- Dr. Rahimi knew Petitioner's condition required advanced imaging (MRI/CAT/CT scans) but willfully refused to authorize the procedures, ensuring Petitioner's condition remained undiagnosed and untreated, and
- DEFENDANT'S SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA actively blocked access to independent medical care, leaving Petitioner to prolonged suffering and developments of new injuries, and
- Deliberate refusal to treat a documented spinal injury and refusal to provide medical alternatives constitutes cruel and unusual punishment under the Eighth Amendment.

21.    **FIFTH AMENDMENT: DUE PROCESS. RIGHT TO MAKE AND ENFORCE CONTRACTS.**
- DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES, INC. unilaterally declared Petitioner healed and fit to return to work without Petitioner's consent, forging a false medical contract in which Petitioner was fraudulently documented as agreeing to physical ability Petitioner did not possess and
- Medical contracts must be formed with voluntary consent and full disclosure—DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES, INC. engaged in coercion by unilaterally deciding Petitioner was healed and denying treatment alternatives.

22.    **FIFTH AND EIGHTH AMENDMENT VIOLATION. HEALTH CARE FRAUD.**
- Dr. Vogel knowingly fabricated false preexisting medical conditions in Petitioner's records, fraudulently denying medical care by asserting that past injuries existed when no supporting documentation was available.
- Dr. Rahimi willfully falsified Petitioner's work status, committing fraud by documenting that Petitioner was fully healed without conducting proper medical evaluations.
- DEFENDANT SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA knowingly used fraudulent medical reports as justification to deny benefits, facilitating and benefiting from the fraud.

23.    **FRAUDULENT MISREPRESENTATION & OBSTRUCTION OF JUSTICE (FIFTH AMENDMENT)**
- DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES, INC. knowingly altered Petitioner's medical records, concealed necessary medical information, and obstructed access to fair treatment, and

**<span style="color:red">DIRECT CONSEQUENCES OF REMEDY FOR MEDICAL FRAUD. MEDICAL MALPRACTICE. FRAUDULENT MISREPRESENTATION AND CONCEALMENT. RETALIATION AND OBSTRUCTION OF CARE. FRAUDULENT DENIAL OF BENEFITS. FALSIFICATION AND ALTERATION OF MEDICAL RECORDS. PROXIMATE CAUSE – HOW DEFENDANTS' ACTIONS LED TO PETITIONER'S INJURY</span>**

24.    As a **direct result** of DEFENDANTS SEDGWICK INDEMNITY COMPANY OF NORTH AMERICA and DELTA AIRLINES, INC. MEDICAL FRAUD, RETALIATION, AND OBSTRUCTION OF CARE directly caused harm and Petitioner suffered:
- Denial of workers' compensation benefits, AND
- Permanent Worsening of Petitioner's Spinal Injury, and

- Development of new injuries, and
- Lifelong medical dependency, and
- LOSS OF USEFULNESS, and
- Terminated all workers' compensation benefits and employment benefits, and
- Wrongfully accused of unexcused absence, and
- Denied ALL necessary medical care, and
- Loss of wages, and
- Psychological Injury: Mental anguish and distress, depression, anxiety, emotional distress and anguish, physical stress and prolonged suffering due to employer neglect
- Reduction in Petitioner's quality of life

## RELIEF REQUESTED – REMEDY FOR MEDICAL FRAUD. MEDICAL MALPRACTICE. FRAUDULENT MISREPRESENTATION AND CONCEALMENT. RETALIATION AND OBSTRUCTION OF CARE. FRAUDULENT DENIAL OF BENEFITS. FALSIFICATION AND ALTERATION OF MEDICAL RECORDS

**WHEREFORE, Petitioner commands:**

1. **IMMEDIATE CORRECTION OF MEDICAL RECORDS** – An order requiring DEFENDANTS to remove all fraudulent medical documentation.
2. Compensatory Damages:
   - $250,000 for each constitutional violation
   - $50,000,000 MEDICAL MALPRACTICE.
   - $10,000,000 FRAUDULENT MISREPRESENTATION AND CONCEALMENT.
   - $10,000,000 OBSTRUTING MEDICAL CARE.
   - $10,000,000 FALSIFICATION AND ALTERATION OF MEDICAL RECORDS.
   - $10,000,000 RETALIATION and DENIAL OF CARE
   - $10,000,000 FRAUDULENT DENIAL OF BENEFITS.
   - $2,000,000 for emotional distress, mental anguish, and retaliation.
3. Punitive Damages:
   - $50,000,000 for fraudulent medical practices and bad faith claim denials.
4. $10,000,000 BREACH OF FIDUCUIARY DUTY
5. *Any other relief the Court deems just and equitable.*

## VII.   CONCLUSION

1. "Ubi jus ibi remedium": Where there is a right, there is a remedy.
2. "Res ipsa loquitur": The thing speaks for itself; the injury was caused by Defendants' negligence.
3. "Fiat justitia ruat caelum": Let justice be done though the heavens fall.

TRUST IS PARAMOUNT. IT IS PERFECTED
With Prejudice

By _____ *Carmie-ronata* _____ In my natural capacity
All my rights, remedies and immunities are explicitly reserved and I exercise them

*March 10, 2025*

### NOTARY ACKNOWLEDGEMENT

UNITED STATES OF AMERICA          )
STATE OF        MICHIGAN          )ss
County of        KENT             )
On   *March 10*                        , 2025, personally appeared before me Notary Public, who proved
to me on the basis of satisfactory evidence to be Carmie-ronata whose name is subscribed to the within
instrument and acknowledged to me that she executed the same in her authorized capacity, and that by
she sig-nature on the instrument upon behalf of which she acted, executed the instrument.

Witness my hand and official seal.

_____                    SEAL

SIGNATURE OF PUBLIC NOTARY

ANNA INTERIANO
Notary Public - State of Michigan
County of Kent
My Commission Expires Jan 27, 2030
Acting in the County of *Kent*